IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCEL JOHN GOSSELIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL A. JONES, City Manager, ) <br> City of Cherokee, Official Capacity, ) <br> ) <br> Defendant. ) | Case No. CIV-23-00723-JD |

### ORDER

On February 5, 2024, the Court issued an Order granting Defendant Michael A. Jones's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) for improper service. [Doc. No. 21]. The Court ordered that should Plaintiff Marcel John Gosselin wish to cure his service defects, he must file proof of service with the Court by February 20, 2024. [*Id.* at 6]. The Court cautioned that if no proof of service was filed by February 20, 2024, the Court would dismiss the action without prejudice to refiling and enter a judgment without further warning. [*Id.*]; *see also* Fed. R. Civ. P. 4.

Gosselin filed a Motion to Cure Proof of Service. [Doc. No. 22]. In the Motion, he certifies that he hand delivered his complaint and summons to Jones' attorney, Courtney Powell, at 9400 N. Broadway Extension, Suite 600. [Doc. No. 22-1]. Accordingly, he asks the Court to "re-examine" his Motion and allow his claim against the City of Cherokee to proceed. [Doc. 22 at 2]. The Court interprets Gosselin's Motion as an attempt to simultaneously cure his service defects with service on Jones' attorney on

February 19, 2024, and request reconsideration of the Court's previous Order issued on February 5, 2024. [Doc. No. 21].

Gosselin also filed a Motion to Appeal Court's Denial of Plaintiff's Motion for Court Appointed Council in which he argues that, contrary to the Court's finding in its previous February 5th Order, he is entitled to court-appointed counsel. [Doc. No. 23]. Since the Motion was filed with this Court instead of the United States Court of Appeals for the Tenth Circuit, the Court similarly construes this Motion to Appeal as a motion for reconsideration.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted). Gosselin has not shown the Court that it has misapprehended the facts, his position, or the controlling law on the issues for either of his motions for reconsideration. Therefore, he has not shown that reconsideration is appropriate, and the motions are denied.

Additionally, as the Court explained in its prior order, since Jones was sued in his official capacity as the City Manager of the City of Cherokee, Gosselin needed to serve the City of Cherokee's municipal clerk, or in the clerk's absence, a deputy municipal

2

clerk and the mayor. *See* Fed. R. Civ. P. 4(j); 11 Okla. Stat. § 22-103. Here, Gosselin has only indicated that he served a former city manager's attorney by the Court's deadline.

Thus, Gosselin did not timely cure his defective service. *See* [Doc. No. 21]; *see also* Fed. R. Civ. P. 4. Consequently, and in line with its prior Order, the Court dismisses this action without prejudice to refiling. A judgment will follow.

IT IS SO ORDERED this 21st day of February 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE